sessment at the final decree, but nevertheless it is still the assessment directed by law, although not in exact accord with the act of the first officer making it. It is so understood and so called in both common and legal parlance, and no one can be misled by the title which so names the subject. " The title must embrace the subject of the proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be especially interested therein: " Road in Phœnixville Borough, 109 Pa. 44; Mt. Joy Boro. v. Lancaster, etc., Turnpike Co., 182 Pa. 581. The revision by the commissioners is an assessment of the taxes according to the true valuation as fixed by them, just as an action of assumpsit remains the same, although damages may be reduced or enhanced by every tribunal to which an appeal is taken from an award of arbitrators to the common pleas, and then to the Superior or to this court. The title could not have more plainly expressed the subject, unless it had been an index of the provisions of the act, which last, we have more than once decided, is not a constitutional requirement. We believe the purpose of this act was to promote fair and impartial imposition of the public burdens, whether lands taxed are owned by residents or nonresidents of a county. We will not on trivial technicalities frustrate that purpose, no matter how onerous may be the burden of review upon us. The decree of the court below is reversed and it is directed that the assessment for taxation of the lands described in the appeal to the court of common pleas be made in accordance with this opinion.

---

## DeBenneville *v.* Philadelphia, Appellant.

*Road law—Damages—Burden of improvements—Experts—Evidence.*

In determining the amount of damages for injuries to land by reason of the opening of a street through the land, the jury may take into account that the market value of the land may be affected injuriously by reason of the cost of future street improvements, but they cannot give a verdict for such street improvement as a substantive item of damages.

Argued Jan. 15, 1902. Appeal, No. 310, Jan. T., 1901, by defendant, from judgment of C. P. No. 3, Phila. Co., June T.,

1895, No. 462, on verdict for plaintiff in case of James S. DeBenneville and Mary M. Chichester v. City of Philadelphia. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Appeal from award of jury of view, assessing damages in the matter of the opening of Broad street from Green lane to Chelton avenue.

At the trial expert witnesses for the plaintiff after having testified as to the difference in the value of the property before and after the opening of the street, stated on cross-examination that they had taken into consideration the fact that the burden of future street improvements would injuriously affect the market value of the property. The defendant moved that the whole of the testimony of such witnesses should be stricken out, which motion was overruled. [1, 2, 3, 8]

Plaintiff presented the following point:

4. The jury may consider and take into account the testimony of the plaintiffs that the market value of the land involved in this suit would be affected injuriously by reason, among other things, of the cost of street improvements that might be charged upon the land. *Answer :* That is affirmed. That is correct. Each party, I will do them the justice to say, in this case have put their points very ingeniously. You have a right to take into consideration the testimony, but you have not a right to give a verdict for those street improvements as a substantive item of damages.

Verdict for plaintiff for $6,000, upon which judgment was entered for $5,000, all above that amount having been remitted.

*Errors assigned* were (1, 2, 3, 8) ruling on evidence, quoting the bill of exceptions ; (11) above instruction, quoting it.

*Francis L. Wayland*, assistant city solicitor, with him *David Lavis* and *John L. Kinsey*, city solicitor, for appellant.

*A. H. Wintersteen*, for appellee.

.Per Curiam, October 13, 1902 :

The judgment in this case is affirmed.